[No. 8633-2-I.   Division One.   February 16, 1982.]

CHEMITHON CORPORATION, *Appellant,* v. PUGET SOUND
AIR POLLUTION CONTROL AGENCY, *Respondent.*

*J. Richard Aramburu,* for appellant.

*Keith D. McGoffin,* for respondent.

SWANSON, J.—Chemithon Corporation appeals a fine for violating a regional air pollution regulation.

Puget Sound Air Pollution Control Agency (PSAPCA) is a regional air pollution control agency which adopted procedural and substantive rules, under the heading Regulation I, to implement its authority. Among the Regulation I rules is section 9.03, which pertains to visual opacity standards and states in part:

(b) After July 1, 1975, it shall be unlawful for any person to use or allow the emission of any air contaminant . . . which is:

(1) Darker in shade than that designated as No. 1 (20% density) . . .

. . .

(e) This section shall not apply when the presence of uncombined water is the only reason for the failure of the

emission to meet the requirements of this section.

Section 9.09, which pertains to particulate emission standards, provides in relevant part:

It shall be unlawful for any person to cause or allow the emission of particulate matter if the emission is in violation of Section 9.03 *or* if the particulate matter discharged into the atmosphere from any single source exceeds the following weights at the point of discharge:
. . .

(Italics ours.) The penalties for violating any of the standards are set forth in section 3.29 of Regulation I:

In addition to or as an alternate to any other penalty provided for herein or by law, any person who violates *any* of the provisions of this regulation shall incur a penalty in the form of a fine in an amount not to exceed two hundred fifty dollars per day for each violation.

(Italics ours.)

On September 17, 1976, a PSAPCA enforcement officer made a *visual opacity* observation of a plume rising from a stack of a Chemithon plant and discovered the plume had a density of 50 to 80 percent. As a result of this observation, a $250 penalty was imposed on Chemithon for violating section 9.03. Chemithon appealed the penalty to the Pollution Control Hearings Board (Board), presenting evidence that the stack emission at the time of the alleged violation was within the *particulate* weight standards established by PSAPCA. The Board found that the particulate emissions were within the weight standards established by PSAPCA, but affirmed the penalty notwithstanding such findings, reasoning that Chemithon violated a separate visual opacity standard. On review, the Superior Court held the findings and conclusions of the Board were not clearly erroneous nor arbitrary or capricious and upheld the penalty.

Chemithon argues that it should not be fined for violation of the opacity standard, section 9.03, when the requirements as established by the particulate standard, section 9.09, are not also violated. According to Chemithon, the visual opacity test is a less reliable measure of pollution

in a stack emission than actual particulate analysis of the emission. From this premise, Chemithon reasons that the visual opacity test creates only a presumption of illegal pollution and is subject to rebuttal proof that actual emissions are within particulate standards; thus, superior particulate evidence should rebut opacity observations. Chemithon states that Regulation I did not intend that a plant emitting dry (particulate) pollutants up to the amount allowed in section 9.09 complies with the Regulation, but a plant emitting the same pollutants mixed with water, a nonpollutant, is subject to a civil penalty because of the section 9.03 opaqueness standard, especially since section 9.03 is not a "cosmetic" regulation. Since PSAPCA requires Chemithon to demonstrate that all particulate emissions have been removed in order to be exempt from the visual opacity standards, Chemithon asserts it is being fined merely because it mixes harmless water vapor with an allowable amount of particulate pollution.

■ We are unpersuaded by Chemithon's argument and hold a visual opacity civil penalty legal even when the particulate standards are not violated. The language of section 3.29 makes it clear that a violation of *any* of the provisions of Regulation I will subject the violator to a civil penalty. Furthermore, the Pollution Control Hearings Board provided that a person shall violate section 9.09 if he violates the opacity standards in section 9.03, *or* if he exceeds the particulate standards in section 9.09. We believe that violations of section 9.03 may be determined independently of the particulate standard of section 9.09. It does not matter that water vapor might be the primary cause of the observed visual opacity. For the uncombined water exception of section 9.03 to apply, the effluent must be free of all particulate contaminants. *Chemithon Corp. v. Puget Sound Air Pollution Control Agency,* 19 Wn. App. 689, 577 P.2d 606 (1978). We do not speculate here why the Board decided that lawful particulate effluents when mixed with nonpolluting water vapor create unlawful pollution. It is enough to say that there are possible rational bases for the

Board's decision; for example, particulates uncombined with water may dissipate resulting in no harm, but when combined with water the particulates may quickly fall to earth and have a harmful effect.

The judgment of the Superior Court is affirmed.

JAMES and WILLIAMS, JJ., concur.